[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2011
JOHN LEY
CLERK

_____

Nos. 10-12785, 10-13249
Non-Argument Calendar

_____

D.C. Docket No. 6:09-cr-00045-MSS-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIO RAMIREZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(April 4, 2011)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Lucio Ramirez appeals his convictions for structuring financial transactions

to evade reporting requirements. 31 U.S.C. § 5324(a)(3), (d). Ramirez argues that the district court abused its discretion in its answer to a question submitted by the jury. The United States cross-appeals and argues that the district court erred in failing to order Ramirez to forfeit the entire amount "involved in" his structuring crime, 31 U.S.C. § 5317(c)(1)(A). We reject the arguments of both Ramirez and the United States, and we affirm Ramirez's convictions and the order of forfeiture.

Ramirez argues that an answer of the district court to a question submitted by the jury was "confus[ing]," but we disagree. During its deliberations, the jury sent the district court a note that asked whether "structuring mean[t] that [Ramirez] had to know what a [Currency Transaction Report] form was." The district court responded by identifying the statute that Ramirez was accused of violating, referencing the specific reporting requirement, and naming the form that banks are obligated to file with the government. See United States v. Elso, 422 F.3d 1305, 1311 (11th Cir. 2005). The district court stated that "Section 5324(a)(3) makes it a federal crime . . . to knowingly evade a currency transaction reporting requirement"; "Section 5313(a) . . . require[s] domestic financial institutions and banks . . . to file reports with the government called Currency Transaction Reports, Form 4789, disclosing" all financial transactions "involving more than $10,000 in cash or currency"; and Ramirez had to have "knowledge of

the currency transaction reporting requirements as set forth in . . . Section 5313(a)." The district court did not abuse its discretion in answering the question of the jury.

The United States argues in its cross-appeal that the district court selected arbitrarily an amount for Ramirez to forfeit and ignored the requirement that he forfeit the amount "involved in" his crime, 31 U.S.C. § 5317(c)(1)(A), but we disagree. The district court considered the amount "involved in" Ramirez's structuring crime and determined that a forfeiture of the entire $967,100 would violate the Excessive Fines Clause of the Eighth Amendment. Although the district court stated that it had "not ma[de] an Eighth Amendment analysis" because "the [Eighth] Amendment is not drawn on the case until and unless the Court imposes a fine that violates the [Eighth] Amendment," the district court explained that the Eighth Amendment had "informed" its decision "with respect to what is proper and what is improper." That this constitutional concern guided the decision of the district court is apparent from its comments during the forfeiture hearing and at sentencing. At the conclusion of the forfeiture hearing, the district court stated that "really the only question" remaining was whether "the forfeiture/judgment [would be] unconstitutional," and the district court commenced the sentencing hearing by stating that it had rejected the "demand for

forfeiture [of $967,100 that] the [United States] s[ought]" based on how "the constitutional question inform[ed] the Court's decision."

The district court correctly considered whether the amount of forfeiture sought by the United States would constitute an excessive penalty. The Supreme Court held in United States v. Bajakajian that a "forfeiture . . . constitutes punishment and is . . . a 'fine' within the meaning of the Excessive Fines Clause" and should be examined to determine "whether it is excessive." 524 U.S. 321, 334, 118 S. Ct. 2028, 2036 (1998). In Bajakajian, although the forfeiture statute mandated that the defendant forfeit "any property . . . involved in" his crime, 18 U.S.C. § 982(a)(1), the Court held that a forfeiture of the entire amount that the defendant had failed to declare he intended to transport outside the United States would have been "grossly disproportional to the gravity of his offense." Bajakajian, 524 U.S. at 339–40, 118 S. Ct. at 2039. The Court reasoned that a forfeiture of $357,144 was unconstitutionally excessive because Bajakajian's only crime was failing to report the currency, the currency was not connected to any illegal activity, Bajakajian faced a maximum sentence of six months and a $5,000 fine under the Sentencing Guidelines, and his crime affected only the ability of the government to know that the currency had left the United States. Id. at 337–39, 118 S. Ct. at 2038–39.

4

The district court did not err when it determined that a forfeiture of the entire $967,100 involved in Ramirez's structuring crimes would be excessive and unconstitutional. Like the defendant in <u>Bajakajian</u>, Ramirez committed a reporting offense and faced a mandatory forfeiture of "all property . . . involved in [his] offense," 31 U.S.C. § 5317(c)(1)(A), but a forfeiture of that magnitude would be grossly disproportional to Ramirez's crime. Ramirez structured his financial transactions to evade reporting requirements, but he did not attempt to conceal his wrongdoing and his money was not connected to any illegal activity. In addition, Ramirez faced a fine under the Sentencing Guidelines about 12 times less than the amount demanded by the forfeiture statute and his crime affected only the Internal Revenue Service by depriving it of reports from banks about the amounts of Ramirez's deposits. The forfeiture of the entire $967,100 would have violated the Excessive Fines Clause.

We **AFFIRM** Ramirez's convictions and the order of forfeiture.